UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Case No.: 8:13-Cr-370-T-24EAJ
*Sentencing: July 1, 2014 at 9:00 a.m.*

LAWRENCE HOWELL DORMAN,

    Defendant.
_____/

## DEFENDANT LAWRENCE DORMAN SENTENCING MEMORANDUM

COMES NOW, the Defendant LAWRENCE HOWELL DORMAN, by and through undersigned counsel and pursuant to Title 18 U.S.C., Section 3553(a), and requests this Honorable Court to consider this Sentencing Memorandum when the Court imposes sentence upon the Defendant.

The intent of this filing is; 1) to summarize the facts of the case, 2) to document the significant pre-sentence cooperation, and 3) to make the court aware of the unique characteristics of Mr. Dorman which tend to mitigate his criminal act.

### I. The Defendant's Significant Mental History and Drug Dependence Contributed to This Offense

As the attached reports indicate, Lawrence Dorman has had a history of mental health issues dating back to his childhood. He had learning disabilities which kept him from doing well in school. He was not accepted by his peers and dropped out of school in the 7th grade. His mental problems were exacerbated by the car accident in 2010 which caused brain damage and a

plate required to be inserted into his head. Mr. Dorman received a large financial settlement from the accident which accelerated his drug use. His money attracted other drug users to come around him who filled the void of acceptance. The victim in this case was introduced to Mr. Dorman as 18 years of age. The victim had been involved in drugs and prostitution before she met Mr. Dorman. They developed a relationship. At some point during the relationship, Mr. Dorman found out she was not 18 years old. He did not immediately terminate the relationship but he eventually began to feel guilt about the situation and he ended their relationship. Law enforcement had a confidential informant make a control phone call to Mr. Dorman to ask about the relationship with the victim. On the recorded control call, Mr. Dorman stated he is no longer seeing her because he felt bad about it.

It should be noted that there is no evidence or allegations that Mr. Dorman ever had sexual contact with any individual under the age of 18 other than the victim in this case. All prior relationship history and contact were age appropriate and there have never been any allegations to the contrary.

## II. Lawrence Dorman Cooperated Fully With Law Enforcement

Although the United States Attorney's Office has not filed a request for a downward departure under 5K1, Mr. Dorman's cooperation with law enforcement is extensive and noteworthy. Mr. Dorman met with the case agents on this case and provided information on the individual who introduced the victim to Mr. Dorman. Law enforcement believes and Mr. Dorman confirmed that this individual has many underage females under his control who perform acts of prostitution from which he benefits. He provides them with drugs to keep them with him. Mr. Dorman drew a map of where he believes these activities take place.

Mr. Dorman also provided the names and descriptions of 4 separate individuals who manufacture and/or sell large amounts of methamphetamine in Polk County. He has drawn maps to exactly where these people live and where the drugs are located. He also told them where and how many weapons they have. He provided law enforcement with an exact location from where they can see the actual hand-to-hand drug transactions take place.

**Conclusion**

Although this Court is limited in the sentencing considerations of the defendant due to the 15 year minimum mandatory sentence, all of the case information should be taken into consideration when sentencing Mr. Dorman. His sentencing guideline range is below the 15 year minimum mandatory sentence. All these factors taken together indicate Mr. Dorman should be sentenced to the minimum incarceration allowed by law.

Respectfully Submitted

 s/ Timothy R. Taylor
**Timothy R. Taylor, Esq.**
FBN: 992356
*Timothy R. Taylor, P.A.*
100 S. Ashley Drive., Ste. 890
Tampa, FL 33602
P: (813) 229-1234
F: (813) 275-0700
timtaylor@tampalegaldefense.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF this 30th day of June, 2014.

    s/ Timothy R. Taylor
**Timothy R. Taylor, Esq.**
FBN: 992356
*Timothy R. Taylor, P.A.*
100 S. Ashley Drive., Ste. 890
Tampa, FL 33602
P: (813) 229-1234
F: (813) 275-0700
timtaylor@tampalegaldefense.com
Attorney for Defendant